UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO.   8:08-cr-379-T-23TBM
                                                       8:14-cv-1523-T-23TBM

JAMES M. CHAMBERS

_____/

# O R D E R

Chambers's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his conviction for possession with the intent to distribute a quantity of heroin and five grams or more of cocaine base.  In 2009 Chambers pleaded guilty with the benefit of a plea agreement and was sentenced to 130 months imprisonment.[1]  Chambers filed no appeal.  In his motion to vacate Chambers mistakenly believes that his career offender sentence is invalid under the retroactive application of *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276 (2013), and *Donawa v. United States Attorney General*, 735 F.3d 1275 (11th Cir. 2013).  Chambers waived his right to challenge the calculation of his sentence, the motion to vacate is time-barred, and neither *Descamps* nor *Donawa* applies retroactively.

---

[1]  The United States withdrew the enhancement notice under 28 U.S.C. § 851, which withdrawal lowered Chambers's minimum sentence from 262 months to the 188 months that was originally imposed. Later Chambers's sentence was reduced further to 130 months under Rule 35(b), Federal Rules of Civil Procedure.


Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[2] (finding the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) [Rules Governing § 2255 Proceedings], allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'").

Chambers waived the right to challenge the calculation of his sentence when he "expressly waive[d] the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range . . . ." Plea Agreement (¶5 at 12, Doc. 73)  The appeal waiver is routinely enforced.  *See, e.g., United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993) ("We hold, therefore, that in most circumstances a defendant's knowing and voluntary waiver of the right to appeal his sentence will be enforced by this circuit."), *cert. denied* 513 U.S. 1051 (1994); *United States v. Buchanan*, 131 F.3d

---

[2] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

1005, 1009 (11th Cir. 1997) ("Notwithstanding Buchanan's explicit reservation of the right to argue his position about that issue at sentencing, a right that he exercised, the issue was not exempted from the appeal waiver.  We enforce the appeal waiver according to its terms."); *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir.) ("An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error."), *cert. denied*, 544 U.S. 1041 (2005); *United States v. Rubbo*, 396 F.3d 1330, 1335 (11th Cir. 2005) ("[T]he right to appeal a sentence based on *Apprendi/Booker* grounds can be waived in a plea agreement. Broad waiver language covers those grounds of appeal.").  As a consequence, Chambers's motion to vacate is precluded because he waived his right to challenge the calculation of his sentence.

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a motion to vacate.  "A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of . . .  the date on which the judgment of conviction becomes final . . . ."  28 U.S.C. § 2255(f)(1).  Chambers's sentence became final in 2009, and his limitation expired one year later without a timely-filed Section 2255 motion to vacate.  Chambers's motion to vacate, which he filed in 2014, is four years late.  As a consequence, his motion to vacate is untimely under Section 2255(f)(1).

Chambers specifically asserts entitlement to relief under Section 2255(f)(3), which establishes a limitation of one year from "the date on which the right asserted

was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Descamps* affords Chambers no new limitation even though he moves to vacate his sentence within one year of that decision. To qualify for another limitation under Section 2255(f)(3), the Supreme Court's decision must establish a new right. *Descamps* did not establish a new right and courts have regularly rejected retroactively applying *Descamps*. *See, e.g., Nipper v. Warden, FCC-Coleman*, 2015 WL 106855, *2 (11th Cir. January 8, 2015) ("Neither the Supreme Court nor this Court has held that *Descamps* applies retroactively on collateral review. Beyond that, *Descamps* was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review."); *Wilson v. Warden, FCC-Coleman*, 581 Fed. App'x 750, 753 (11th Cir. 2014)[3] ("The Supreme Court itself has not expressly declared *Descamps* to be retroactive to cases on collateral review. Moreover, *Descamps* was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review."). *See also Whittaker v. Chandler*, 574 Fed. App'x 448 (5th Cir. 2014) (holding that *Descamps* entitles a petitioner no relief under Section 2241 and the "savings clause" of Section 2255); *Groves v. United States*, 755 F.3d 588, 593 (7th Cir.) ("We cannot say that counsel's performance 'fell below an objective standard of reasonableness,' because counsel

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

failed to anticipate *Descamps* and future Seventh Circuit case law clarifying the application of § 4B1.2(a)(2)."), *cert. denied*, 135 S. Ct. 501 (2014), *reh'g denied*, No. 146669, 2015 WL 133613 (U.S. Jan. 12, 2015); *United States v. Montes*, 570 Fed. App'x 830 (10th Cir. 2014) (declining to issue a certificate of appealability because "the *Descamps* decision did not recognize a new right").  As a consequence, Chambers qualifies for no limitation under Section 2255(f)(3).

Chambers cites *Spencer v. United States*, 727 F.3d 1076, 1089 (11th Cir. 2013), for the proposition that he is actually innocent of his career offense sentence.

> [E]rroneous career offender categorization is not "ordinary" or "garden-variety" Guideline error. Instead, it is a fundamental defect that inherently results in a complete miscarriage of justice and presents exceptional circumstances where the need for a post-conviction remedy is apparent.

However, *Spencer v. United States*, 773 F.3d 1132, 1140, 1143 (11th Cir. 2014) (*en banc*) (italics original), vacates and rejects the panel's opinion that "erroneous career offender categorization" is a "complete miscarriage of justice," as explained below:

> Even if he is not a career offender, his sentence is lawful. *See Addonizio*, 442 U.S. at 186–87, 99 S. Ct. at 2241. Spencer does not allege that he is actually innocent of the crime for which he was indicted, nor that any of his prior convictions have been vacated. Instead, he contends only that the district court erroneously classified him as a career offender under the advisory guidelines. But any miscalculation of the guideline range cannot be a complete miscarriage of justice because the guidelines are advisory. If the district court were to resentence Spencer, the district court could impose the same sentence again.
>
> . . . .

Spencer argues no new factual basis for reversing his sentence. He presents instead an argument of legal innocence. Even if we were to agree with Spencer that he is "innocent" as a career offender, that *legal* innocence falls far short of *factual* innocence, the kind of innocence involved in *Johnson* and *Stewart*. *See McKay v. United States*, 657 F.3d 1190, 1199 (11th Cir.2011) ("[A]ctual innocence means *factual* innocence, not mere legal insufficiency." (internal quotation marks omitted)).

Lastly, Chambers's specific claim — that a conviction under Florida Statute §893.13(1)(a) does not qualify as a "controlled substance offense" under the sentencing guidelines — lacks merits.   In addition to rejecting the applicability of *Descamps*, *United States v. Burton*, 564 Fed. App'x 1017, 1019-20 (11th Cir. 2014), rejects Chambers's specific claim:

A violation of Florida Statutes § 893.13(1)(a) falls squarely within U.S.S.G. § 4B1.2(b)'s definition of a "controlled substance offense."

. . . .

[T]he plain language of § 4B1.2(b) does not require knowledge of the substance's illicit nature for an offense to be a controlled substance offense. *See* U.S.S.G. § 4B1.2(b) (requiring only that the state law "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance").

Accordingly, the motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** as time-barred.   The clerk must close this case.

### DENIAL OF BOTH A
### CERTIFICATE OF APPEALABILITY
### AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Chambers is not entitled to a certificate of appealability ("COA").   A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's

denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a COA, Chambers must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because his motion is time-barred and he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Chambers is not entitled to a certificate of appealability and he is not entitled to appeal *in forma pauperis.*

Accordingly, a certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Chambers must obtain permission from the circuit court to appeal *in forma pauperis.*

ORDERED in Tampa, Florida, on February 5, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE